## UNITED STATES COURT OF INTERNATIONAL TRADE

—————————————————————————
                                                              :)
TRINA SOLAR SCIENCE & TECHNOLOGY       :
(THAILAND) LTD.                                           :
                                                              :
                    Plaintiff,                              :
                                                              :        Court No.  23-00196
            v.                                                :
                                                              :
UNITED STATES,                                        :
                                                              :
                    Defendant.                          :
—————————————————————————:

## **COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade,

Plaintiff, Trina Solar Science & Technology (Thailand) Ltd. ("TTL"), by and through its

counsel, alleges and states as follows:

## **JURISDICTION**

1.      Plaintiff brings this action pursuant to, and in accordance with, section 516A(a)(2)

of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final

determination issued by the U.S. Department of Commerce ("Commerce") in Antidumping and

Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not

Assembled Into Modules, from the People's Republic of China: Final Scope Determination and

Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia,

Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Aug. 23, 2023) ("Final Determination"), as it

applies specifically to Plaintiff.  This Court has jurisdiction over this matter under 28 U.S.C. §

1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2.      Plaintiff, Trina Solar Science & Technology (Thailand) Ltd., is a foreign producer and exporter of the merchandise examined in the anti-circumvention inquiry proceeding that is contested here.  Plaintiff therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiff actively participated in the anti-circumvention inquiry through submission of factual information and written argument, and thus is a party to the proceeding as defined in 19 C.F.R. §351.102(b).  As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.      The subject Final Determination, which is being challenged herein, was published in the Federal Register on August 23, 2023.  Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Aug. 23, 2023), and accompanying Issues and Decision Memorandum ("IDM") (Aug. 17, 2023).  On September 18, 2023 – within 30 days after notice of the Final Determination was mailed to Plaintiff and all other interested parties via electronic mail on August 18, 2023 – Plaintiff filed a summons to initiate this action.  Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(A)(ii).  This Complaint is being filed within 30 days of the filing of the summons.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.      This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1677j to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.      On December 7, 2012, Commerce published in the Federal Register antidumping duty and countervailing duty orders on crystalline silicon photovoltaic cells and modules from China.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order, 77 Fed. Reg. 73018 (Dec. 7, 2012), and Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, form the People's Republic of China: Countervailing Duty Order, 77 Fed. Reg. 73017 (Dec. 7, 2012) (collectively, "Solar Cells Orders").

6.      On February 8, 2022, Auxin Solar Inc. ("Auxin"), a small domestic producer of solar panels, filed a circumvention inquiry request pursuant to 19 U.S.C. § 1677j(b)(1) alleging that solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China are circumventing the Solar Cells Orders.  See Allegation from Cassidy Levy Kent LLP, "Auxin Solar's Request for an Anti-Circumvention Ruling Pursuant to Section 781(b) of the Tariff Act of 1930, as Amended" (Feb. 8, 2022). Between February 8, 2022 and April 1, 2022, interested parties filed numerous letters concerning their views on the circumvention allegation.  On March 18, 2022, TTL filed comments requesting that Commerce decline to initiate Ausin's request for a circumvention inquiry.  See Letter from TTL, "Request to Decline to Initiate Auxin's Request for a Circumvention Inquiry,"

(Mar. 18, 2022).

7.      On April 1, 2022, Commerce initiated country-wide anti-circumvention inquiries on the Solar Cells Orders covering crystalline silicon photovoltaic cells ("CSPV") whether or not assembled into modules, which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components form the People's Republic of China and subsequently exported to the United States.  Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders, 87 Fed. Reg. 19071 (Apr. 1, 2022).

8.      On May 12, 2022, after examining U.S. Customs and Border Production import data and quantity and value ("Q&V") questionnaire responses, Commerce selected two mandatory respondents for the Thailand segment of its circumvention inquiry:  Trina Solar Science & Technology (Thailand) Ltd. and Candain Solar International Limited ("CSIL").  Commerce Memorandum, "Circumvention Inquiry with Respect to Thailand: Respondent Selection," (May 12, 2022).  Commerce subsequently issued the anti-circumvention initial questionnaires to TTL (i.e., requesting information necessary to analyze all criteria laid out in section 781(b) of the Act with respect to circumvention) on May 13, 2022, and May 16, 2022.  Letter to Trina Solar Science & Technology (Thailand) Ltd., "Circumvention Inquiry Questionnaire," (May 13, 2022); Letter to Trina Solar Science & Technology (Thailand) Ltd., "Circumvention Inquiry Questionnaire," (May 16, 2022).

9.      On June 3, 2022, TTL timely filed part one of its response to Commerce's initial questionnaire, and on June 23, 2022, TTL timely filed part two of its response to Commerce's initial questionnaire.  Response from TTL, "May 13, 2022 Anti-Circumvention Inquiry Initial Questionnaire Response," (June 3, 2022); Response from TTL, "May 16, 2022 Anti-

Circumvention Inquiry Initial Questionnaire Response," (June 24, 2022). TTL subsequently

filed timely responses to Commerce's supplemental questionnaires on August 8, 2022; August 9,

2022, October 7, 2022, and November 2, 2022. Response from TTL, "First Supplemental

Questionnaire Response," (Aug. 8, 2022); Response from TTL, "Second Supplemental

Questionnaire," (Aug. 9, 2022); Response from TTL, "Third Supplemental Questionnaire," (Oct.

7, 2022); Response from TTL, "Fourth Supplemental Questionnaire," (Nov. 2, 2022).

      10.    On October 20, 2022, TTL provided comments in advance of Commerce's

preliminary determination on the appropriate approaches and methodologies that Commerce

should adopt in its inquiry involving CSPV cell and modules exported to the United States from

Thailand. Comments from TTL, "Comment Regarding Preliminary Determination," (Oct. 20,

2022).

      11.    On December 1, 2022, Commerce preliminarily determined that imports of CSPV

cells and modules exported from Cambodia, Malaysia, Thailand, and Vietnam using parts and

components from China are circumventing the AD and CVD Solar Cells Orders. Commerce

published its preliminary determination of circumvention in the <u>Federal Register</u>. <u>Antidumping

and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not

Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative

Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam</u>,

87 Fed. Reg. 75221 (Dec. 8, 2022) and accompanying preliminary decision memorandum

("PDM") (Dec. 1, 2022).

      12.    As part of its preliminary determination, Commerce instituted certification and

documentation requirements whereby U.S. importers and foreign exporters must (1) certify that

imports of solar cells and modules from the inquiry countries were not produced using wafers

Court No. 23-00196                                                              Complaint

producers in China,[1] and (2) to maintain supporting documentation thereof, in order for cash

deposits pursuant to the Solar Cells Orders not to be required.  PDM, at 26–27.

      13.     Between February 6, 2023, and February 9, 2023, Commerce conducted

verification of TTL's responses in Thailand.  On March 6, 2023, TTL submitted its first tranche

case brief to Commerce commenting on issues related to the proposed certification scheme.

Brief from TTL, "First Tranche Case Brief of Trina," (Mar. 6, 2023).  On April 26, 2023, TTL

submitted its second tranche case brief to Commerce commenting on issues related to the

preliminary determination.  Brief from TTL, "TTL's Second Tranche Case Brief," (Apr. 26,

2023).

      14.     On August 23, 2023, Commerce published its <u>Final Determination</u> in the Federal

Register.  88 Fed. Reg. 57419.  In its final determination, Commerce continued to find that

CSPV cells and modules produced in Thailand using parts and components manufactured in

China and exported to the United States were circumventing the Solar Cells Orders.  Commerce

applied its determination on a country-wide basis, thereby subjecting inquiry merchandise

exported from Thailand to importer and exporter certifications and document retention

requirements in order not to be subject to AD and/or CVD requirements.

### ISSUES PRESENTED BY THE ACTION AND
### PLAINTIFF'S STATEMENT OF CLAIMS

      15.     In the following respects, and for other reasons apparent from the record of the

administrative proceeding, Commerce's final determination in its anticircumvention inquiry

proceeding is unsupported by substantial evidence and otherwise not in accordance with law.

---

[1] The Appendix VI certification also permits an importer and exporter to certify that subject solar modules were produced using Chinese wafers and that no more than two of the following inputs were produced in China:  silver paste, aluminum frames, glass, backsheets, EVA, and junction boxes.  87 Fed. Reg. 75221, and accompanying PDM at Appendix VI.  This was unchanged in the Final Determination.

## COUNT ONE

16.     Paragraphs one through fifteen are incorporated herein by reference.

17.     In order to make an affirmative finding of circumvention, Commerce must consider all five mandatory statutory criteria under 19 U.S.C. § 1677j(b)(1).  That is, if just one statutory criterion is not met, Commerce may not reach an affirmative finding of circumvention. One of the five statutory criteria requires Commerce to analyze whether the process of assembly or completion in the third country is minor or insignificant.  19 U.S.C. § 1677j(b)(1)(C).  In doing so, the statute directs Commerce to consider the following five factors:  (1) the level of investment in the foreign country; (2) the level of research and development in the foreign country; (3) the nature of the production process in the foreign country; (4) the extent of production facilities in the foreign country; and (5) whether the value of the processing performed in the foreign country represents a small proportion of the value of the merchandise imported into the United States.  19 U.S.C. § 1677j(b)(2)

18.     Based on administrative record evidence, Commerce correctly determined that the nature of the production process in Thailand was significant.  88 Fed. Reg. 57419 and accompanying IDM at Comment 8.  Commerce made numerous detailed findings about the significance and complexity of producing solar cells and modules when compared to ingot and wafer production.  Id.  Commerce found that the multi-step production process requires a skilled workforce, "sophisticated, precise, and technologically advance equipment," and that the production of cells and wafers "involves more than attaching Chinese components together."  Id. Yet, Commerce's ultimate decision that the process of assembly or completion in Thailand is minor or insignificant is unsupported by substantial evidence based on its supported findings that the process of producing solar cells and modules is not only significant, but complex and

sophisticated.  Id.  Commerce's determination that the process of assembly or completion in Thailand was minor or insignificant is therefore not supported by substantial evidence.

## COUNT TWO

19.     Paragraphs one through eighteen are incorporated herein by reference.

20.     Based on verified questionnaire responses, Commerce determined that four out of the five factors under 19 U.S.C. § 1677j(b)(2) weighed against finding that TTL's cell and module production in Thailand was minor or insignificant.  IDM, at Comment 8.  In other words, Commerce reviewed and considered TTL's responses on its level of investment, nature of the production process, extent of its production facilities, and value of processing added, and determined that each of these were significant.  Id.  The only factor that Commerce found to weigh in favor of finding TTL's process to be minor or insignificant was the level of research and development in Thailand.  Id.  Yet, Commerce determined that based on this one factor, the entirety of TTL's process of assembly and completion in Thailand was minor or insignificant.

21.     Commerce's offered rationale for its decision to elevate the single factor of R&D expenses over the other four factors contradicts its own finding that the nature of the production process in Thailand is significant.  Commerce reasoned that "the stages of production less demanding of R&D are those that the respondents have opened overseas."  Id.  Yet, Commerce found that the nature of producing cells and modules in Thailand "involves a multi-step production process that requires more precise and sophisticated equipment at multiple stages."  Id.  Consequently, Commerce's reasoning to place significant weight in the R&D factor is both illogical and erroneous.  Therefore, Commerce's finding that TTL's production of cells and modules in Thailand is not minor or insignificant under 19 U.S.C. § 1677j(b)(1)(C) is unsupported by substantial evidence and not in accordance with the law.

## COUNT THREE

22.     Paragraphs one through twenty-one are incorporated herein by reference.

23.     For purposes of defining inquiry merchandise, Commerce found that "a wafer is produced in China if the ingot was sliced to form the wafer in China." Id., at Comment 2. However, Commerce erred in not excluding from the definition of inquiry merchandise solar cell and modules assembled in an inquiry country from wafers produced inside China using polysilicon produced outside of China (i.e., wafters made with non-Chinese polysilicon).  The administrative record establishes that the value of the wafer is mostly comprised of the value of the polysilicon used to produce the wafer.  Accordingly, wafers made with non-Chinese polysilicon contain little to no Chinese material.  Commerce's determination to not exclude non-Chinese polysilicon from the definition of inquiry merchandise therefore was both arbitrary and unsupported by substantial evidence.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

24.    For the reasons stated above, Plaintiff respectfully requests that the Court:

(a)    enter judgment in Plaintiff's favor;

(b)    declare that with respect to the issues raised in this Complaint,

Commerce's determinations and all related findings and conclusions are unsupported by

substantial evidence on the record or are otherwise not in accordance with law;

(c)    remand these matters to Commerce for redetermination consistent with the

Court's opinion; and

(d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed

Jonathan M. Freed
MacKensie R. Sugama

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Plaintiff Trina Solar Science &
Technology (Thailand) Ltd.

October 18, 2023